# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HSK | * | |
| v. | * | Civil No. CCB-12-3373 |
| UNUMPROVIDENT CORPORATION, ET AL. | * | |

## MEMORANDUM

On September 19, 2013, the court granted plaintiff HSK's motion for partial summary judgment on contract interpretation. The court also denied the defendants', Unum Group's (f/k/a UnumProvident Corporation) and Provident Life and Accident Insurance Company's, renewed motion to compel mental examination. Now pending before the court is the defendants' motion for partial reconsideration. The defendants ask the court to reconsider the part of its September 19, 2013, order denying the motion to compel mental examination.

Motions to reconsider interlocutory orders, including partial summary judgments, "are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *See Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims . . . ."). Thus, because Federal Rules of Civil Procedure 59 and 60 "apply only to final judgments," they do not control the outcome of motions to reconsider partial summary judgments. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991). Nevertheless, although it "is not bound by the Rule 60(b) standard," "the court may at least reference parts of

the Rule 60(b) standard." *Mateti v. Activus Fin., LLC*, No. DKC 2008-0540, 2009 WL 3633339, at *4 (D. Md. Oct. 27, 2009) (citations omitted); *see also Lynn v. Monarch Recovery Mgmt.*, __ F. Supp. 2d __, 2013 WL 3071334, at *3 (D. Md. 2013) (citations omitted).[1] District courts within the Fourth Circuit have considered such factors as whether the court has misunderstood a party's position or whether a party has put forth new evidence or law. *Lynn*, 2013 WL 3071334, at *3; *see also Mateti*, 2009 WL 3633339, at *5.

Here, the defendants' motion does not rely on new legal arguments or new evidence. Rather the defendants argue that the court, in ruling that the contract does not provide for a mental examination, failed to determine whether Rule 35 nonetheless provides for such an examination. The court, however, already considered and rejected the defendants' argument that Rule 35 may provide for a mental examination when the contract does not. This issue was thoroughly briefed and argued in court on June 21, 2013. Upon hearing the defendants' argument, the court in its June 24, 2013, order stated that "the defendant's motion to compel . . . is Denied without prejudice, *pending the court's determination of the disputed provision concerning examinations in the underlying insurance contract*." (ECF No. 29.) Thus, the court decided that the motion to compel hinged on the contract, and not on Rule 35. The issuance of a Rule 35 order is within the court's discretion. *See* Fed. R. Civ. P. 35(a) (emphasis added) ("The court . . . *may* order a party . . . to submit to a . . . mental examination . . . ."). Ordering a mental examination under the circumstances would nullify the contractual provision and therefore is not justified.

---

[1] Unpublished opinions are for the soundness of their reasoning, not for any precedential value.

Accordingly, the defendants' motion for partial reconsideration will be denied. A separate order follows.


November 5, 2013                                              /s/
Date                                                   Catherine C. Blake
                                                       United States District Judge