IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HSK

v.                                          Civil No. CCB-12-3373

UNUMPROVIDENT CORPORATION,
et al.

# MEMORANDUM

Now pending before the court is plaintiff HSK's motion for leave to amend his complaint. Defendant Unum Group (f/k/a UnumProvident Corporation) (hereinafter "Unum Group") has filed a limited opposition, asking the court to deny HSK's motion with respect to Count II of the proposed amended complaint. Count II alleges that Unum Group tortiously interfered with the contract between HSK and Provident Life and Accident Insurance Company ("Provident") by, among other actions, directing the termination of HSK's disability benefits. The parties have fully briefed the issues, and no oral argument is necessary. *See* Local R. 105.6. For the reasons stated below, HSK's motion to amend his complaint will be granted.

## BACKGROUND[1]

On February 1, 1995, Provident[2] issued a disability insurance policy (no. 06-338-6114643) to HSK, who subsequently became disabled in March 2011. As a result of his

---

[1] For the purpose of resolving the pending motion, the court will largely adopt the facts as set forth in HSK's amended complaint. (*See* Amended Compl., ECF No. 55-2.)
[2] Both parties agree that Provident is currently a subsidiary corporation of Unum Group. But, according to HSK, at the time his disability insurance policy was issued, Provident was not affiliated with Unum Group. Further, HSK maintains that Unum Group was not a party to the

disability, HSK was unable to continue in his occupation as an executive of a mortgage company. He made a claim for benefits under the policy, and Provident proceeded to pay monthly benefits for two months. Provident also refunded HSK's premium, which he had paid after becoming disabled. In November 2011, however, Unum Group informed HSK that Provident would no longer pay his disability benefits. According to HSK, Provident terminated his disability benefits at Unum Group's insistence, because he declined to submit to a mental examination.

HSK now asserts a claim for tortious interference of contract, which "was accomplished by UNUM's usurpation of Provident's role in evaluating and investigating Plaintiff's claim for disability benefits; by demanding that Provident require Plaintiff submit to a mental examination by a doctor selected by UNUM, even though the Policy did not give the insurer the right to require Plaintiff to submit to a mental examination as a condition of receiving benefits; and by causing or inducing Provident to terminate disability benefits to the Plaintiff because he declined to submit to a mental examination by a doctor chosen by UNUM." (Amended Compl., ECF No. 55-2, at 5.) He claims that, as a result of Unum's conduct, he "suffered economic losses, [was] deprived of benefits due under the Policy, [] incurred consequential damages including but not limited to extraordinary legal expenses to protect and enforce his rights under the Policy, and [] suffered mental and emotional distress, which was entirely foreseeable and preventable under the circumstances." (*Id.* at 5–6.)

---

contract between Provident and HSK, although Unum Group was aware of the contract's existence at the time it caused Provident to breach the contract.

## ANALYSIS

Under Rule 15(a)(1), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases," as here, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* "[L]eave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009); *see also US Airline Pilots Ass'n v. Awappa, LLC*, 615 F.3d 312, 320 (4th Cir. 2010) (citations and internal quotation marks omitted) (stating that the district court's denial of leave to amend a complaint is reviewed for abuse of discretion, and that "[t]he district court does not abuse its discretion in denying leave when amendment would be futile"). Amendment would be futile when "the proposed amended complaint fails to satisfy the requirements of the federal rules," such as the requirements of Rule 12(b)(6). *See United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (citations and internal quotation marks omitted).

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition

3

of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. . . . However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (quotations and citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff claiming tortious interference with contract must allege sufficient facts to support: "1) existence of a contract between plaintiff and a third party; 2) defendant's knowledge of that contract; 3) defendant's intentional interference with that contract; 4) breach of that contract by the third party; 5) resulting damages to the plaintiff." *Fraidin v. Weitzman*, 93 Md. App. 168, 189, 611 A.2d 1046, 1057 (1992). Unum Group suggests that HSK cannot satisfy the first and third elements of a tortious interference claim and, thus, amending the complaint would be futile. In particular, Unum Group asserts it was not a "third party" or a "stranger" to HSK's contract with Provident and, in any event, its actions in administering his claim were justified and do not amount to an intentional tort.

4

To support this argument, Unum Group cites an affidavit from Susan Roth, the Vice President, SEC and Corporate Secretary for Unum Group, and a General Services Agreement between Unum Group and Provident. HSK is correct, however, that his complaint neither relies upon nor references those documents; indeed, he was not aware of the General Services Agreement prior to Unum Group's opposition to his motion to amend. *Cf. United States ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, No. 12-2513, --F.3d --, 2014 WL 961560, at *2 (4th Cir. Mar. 13, 2014) (citations and internal quotation marks omitted) (explaining that, in reviewing a motion to dismiss, the court may consider not only the complaint but also "documents incorporated into the complaint by reference" and documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic"). *But see Gadsby by Gadsby v. Grasmick*, 109 F.3d 940, 949 (4th Cir. 1997) (indicating that, where the parties present matters outside of the pleadings and the court considers those matters, the motion to dismiss is treated as one for summary judgment). The court will not consider the affidavit and the General Services Agreement at this time because they are documents outside the pleadings and to do so would improperly treat Unum Group's opposition memorandum as a motion for summary judgment. HSK has simply not had a reasonable opportunity to conduct discovery on the relationship between Unum Group and Provident and to counter the facts set forth in Roth's affidavit. *Cf. Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor and City Council of Baltimore*, 721 F.3d 264, 281 (4th Cir. 2013) (citation and internal quotation marks omitted) (reasoning that a Rule 12(b)(6) motion may not be treated as a motion for summary judgment, unless the parties are first "afforded a reasonable opportunity for discovery"). The court, therefore, cannot conclude that amendment of HSK's complaint would be futile.

## CONCLUSION

For the reasons stated above, the court will grant HSK's motion for leave to amend his complaint. A separate order follows.

<u>April 14, 2014</u>　　　　　　　　　　　　　　　　　　<u>　　　　　/s/　　　　　</u>
Date　　　　　　　　　　　　　　　　　　　　　　　　Catherine C. Blake
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge